IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CARNELL BUTLER,

    Plaintiff,
v.                                        CASE NO. 3:17-cv-421-MCR-GRJ

SYNCHRONY BANK,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a *pro se* Complaint and has been granted leave to proceed as a pauper. Pursuant to the Court's order, Plaintiff filed a first amended complaint clarifying that his claims arise under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1592 *et seq*. The Court determined that the allegations of the first amended complaint failed to state a claim for relief, and ordered Plaintiff to file a second amended complaint. ECF No. 9.

The second amended complaint, ECF No. 10, is before the Court for screening pursuant to 28 U.S.C. § 1915. A complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. See *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) (noting that the language of § 1915(e)(2)(B)(ii) tracks the

language of language of Federal Rule of Civil Procedure 12(b)(6)).  For the following reasons, undersigned recommends that this case be dismissed for failure to state a claim upon which relief may be granted.

As with the first amended complaint, the second amended complaint does not explain how or when Plaintiff became indebted to Defendant, Synchrony Bank.  Plaintiff's allegations suggest that Synchrony Bank was the issuer of a WalMart credit card. Plaintiff states that Synchrony Bank provided information to a third party debt collector, Midland Bank.  Plaintiff alleges that Synchrony failed to provide him with account records and requested documentation.  Plaintiff, for the first time, conclusionally alleges that Synchrony's actions violated the Fair Credit Reporting Act, but the second amended complaint is devoid of any factual allegations showing how such violations occurred.  ECF No. 10.

Although the well-pleaded allegations of a Complaint must be taken as true, a complaint fails to state a claim upon which relief may be granted if it fails to include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Harper v. Lawrence Cnty., Ala.*, 592 F.3d 1227, 1232–33 (11th Cir.2010) (citing Fed.R.Civ.P. 8(a)(2), 12(b)(6)). To avoid a dismissal, the "complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. *Id*. Additionally, the Court is not required to accept Plaintiff's legal conclusions. *Id*. (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). Finally, while pleadings of *pro se* litigants must be liberally construed and "are held to less stringent standards than formal pleadings drafted by lawyers" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam), courts are under no duty to "re-write" a plaintiff's complaint to find a claim. *Peterson v. Atlanta Hous. Auth*., 998 F.2d 904, 912 (11th Cir.1993).

Section 1692k of FDCPA provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person" for damages. 15 U.S.C. § 1692k.  Here, Plaintiff conclusionally alleges that Defendant's actions violated the FDCPA but the allegations of the second amended complaint do not establish that Synchrony acted as a debt collector.  Moreover, Plaintiff alleges no facts

showing that Synchrony violated the FCRA in issuing credit to Plaintiff and in transferring the debt to Midland.  Plaintiff's allegations are mere legal conclusions.

In support of his claims, Plaintiff has submitted a letter from Synchrony dated December 2015 stating that his account was sold to Midland in November 2015, and a letter from Midland dated December 1, 2017, reflecting that Plaintiff has disputed the account.  The letter from Midland reflects that Midland has reported Plaintiff's account as "disputed".  ECF No. 11.  These letters do not amount to factual allegations showing that Plaintiff has a cognizable claim that the only named defendant in this case, Synchrony Bank, violated any federal consumer credit laws in connection with Plaintiff's account.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to state a claim upon which relief can be granted.

**IN CHAMBERS** in Gainesville, Florida, on the 14th day of December 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.